Robert D. Wilkinson  #100478

**BAKER, MANOCK & JENSEN**
A PROFESSIONAL CORPORATION
FIG GARDEN FINANCIAL CENTER
5260 NORTH PALM AVENUE, FOURTH FLOOR
FRESNO, CALIFORNIA 93704-2209
TELEPHONE (559) 432-5400
TELECOPIER (559) 432-5620

Attorneys for Defendant PIOQUINTO LARIOS SANTACRUZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:08-CR-00124 AWI |
| Plaintiff, | ORDER REGARDING DEFENDANT PIOQUINTO LARIOS SANTACRUZ'S REQUEST FOR ORAL ARGUMENT ON GOVERNMENT'S MOTION TO DEFER PRODUCTION OF UNREDACTED TOLL RECORDS AND |
| v. | |
| PIOQUINTO LARIOS SANTACRUZ, | |
| Defendant. | ORDER REGARDING BRIEFING AND ORAL ARGUMENT |

TO THIS HONORABLE COURT, LAWRENCE G. BROWN, UNITED STATES ATTORNEY, KAREN A. ESCOBAR, ASSISTANT UNITED STATES ATTORNEY, THE PARTIES HEREIN AND THEIR COUNSEL:

Defendant PIOQUINTO LARIOS SANTACRUZ, by and through his authorized counsel, hereby notifies the Court and parties of the intended filing of his opposition to the Government's Motion to Defer Production of Unredacted Toll Records filed herein on August 19, 2009, and requests that the Court schedule oral argument on the motion on August 31, 2009, or soon thereafter at the convenience of the Court, on the following grounds:

1. On July 14, 2009, Defendant PIOQUINTO LARIOS SANTACRUZ filed his Supplemental Motion for Discovery requesting, among other things, unredacted copies of redacted telephone toll records earlier produced in discovery by the United States Government.

2.     On July 17, 2009, Defendant HORTENCIA FLORES, through her authorized counsel, joined in Defendant SANTACRUZ's Supplemental Motion for Discovery.

3.     On August 3, 2009, the government filed its opposition to the Defendant SANTACRUZ'S Supplemental Motion for Discovery.  The government vigorously argued that it should not be required to produced unredacted wiretap records.  The government did not address the Defendants' request for unredacted copies of the redacted toll records.

4.     On August 10, 2009, the Defendant SANTACRUZ'S Supplemental Motion for Discovery duly came before the Court for hearing.  After hearing oral argument, the Court ordered the government to produce unredacted copies of the redacted toll records on or before August 31, 2009.

5.     On August 19, 2009, the government filed its "Motion to Defer Production of Unredacted Toll Records."  Although it is not clearly labeled as a motion for reconsideration under Local Rule 12-430(i), the government is clearly asking the Court to reconsider its Order that the government produce unredacted copies of the redacted toll records.  Under Local Rule 12-430(i), motions for reconsideration are governed, in part, by Local Rule 72-303(b).

6.     Subdivision (b) of Local Rule 72-303 provides that a motion for reconsideration shall be filed within 10 court days calculated from the date of service of the ruling.  The government's motion, filed on August 19, 2009, is a timely motion for reconsideration.

7.     Subdivision (d) of Local Rule 72-303 provides that the opposition to a request for reconsideration shall be served and filed within five court days after service of the request for reconsideration.  Here, opposition briefs are due on August 26, 2009.

8.     Subdivision (e) of Local Rule 72-303 provides that unless otherwise ordered, requests for reconsideration in criminal actions shall be calendared and heard at the trial confirmation.  Defendant SANTACRUZ submits that holding the hearing on the government's motion for reconsideration on December 21, 2009, the date presently set for trial confirmation of the trial set for January 12, 2010, would not allow Defendant SANTACRUZ sufficient time for trial preparation and investigation based on the unredacted telephone toll records.  Therefore, Defendant SANTACRUZ respectfully requests that the Court set oral argument on the

government's motion for reconsideration on August 31, 2009, during the Court's regular criminal calendar, or on a later date and time at the Court's convenience.  Defendant SANTACRUZ will stipulate that the unredacted toll records do not have to be produced until after the Court considers the government's motion for reconsideration provided that the hearing on the motion for reconsideration is held in a timely fashion.

Based on the foregoing, Defendant PIOQUINTO LARIOS SANTACRUZ respectfully notifies the Court that he intends to file an opposition to the Government's Motion to Defer Production of Unredacted Toll Records on August 26, 2009, and requests that the hearing on the government's motion be heard on August 31, 2009, at 9:00 a.m., or at a later date and time at the convenience of the Court.

DATED:   August 20, 2009.               Respectfully submitted,

BAKER MANOCK & JENSEN, PC


By  /s/ Robert D. Wilkinson
Robert D. Wilkinson
Attorneys for Defendant PIOQUINTO LARIOS SANTACRUZ


## ORDER

Having considered Defendant PIOQUINTO LARIOS SANTACRUZ's notification and request set forth above, and good cause appearing therefor,

IT IS HEREBY ORDERED that Defendant PIOQUINTO LARIOS SANTACRUZ and any other Defendant in this action may file an opposition to the Government's Motion to Defer Production of Unredacted Toll Records on or before August 26, 2009, and that the hearing on the government's motion shall be held on September 8, 2009, at 9:00 a.m.

IT IS SO ORDERED.

**Dated:   August 25, 2009**               /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE