```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KAREN A. ESCOBAR
    DEANNA L. MARTINEZ
 3  Assistant U.S. Attorneys
    2500 Tulare Street
 4  Fresno, California  93721
    Telephone:  (559) 497-4000
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT FOR THE
 9                    EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,      )  1:08-cr-0124 OWW
                                   )
12                                 )
                 Plaintiff,        )  ORDER RE:
13                                 )  GOVERNMENT'S MOTION IN LIMINE
                                   )  TO EXCLUDE DEFENDANTS' NON-
14       v.                        )  SELF-INCULPATORY HEARSAY
                                   )  STATEMENTS
15                                 )
    EUSTORGIO FLORES, et al.,      )
16                                 )
                 Defendant.        )
17  _____)
```

The above-captioned matter was heard before this Court on March 5, 2010.  The Court considered oral argument by the parties and its written pleadings consisting of: (1) the government's Motion in Limine to Exclude Non-self-inculpatory hearsay statements of defendants PIOQUINTO LARIOS SANTACRUZ and co-defendants who have already entered guilty pleas, (2) defendant SANTACRUZ's opposition and (3) the government's reply.[1]

The government has represented that it may introduce at trial

---

[1] At the hearing on the motion, the government also moved to exclude the non-self-inculpatory hearsay statements of defendant RODOLFO SUAREZ, JR.

1

the self-inculpatory portions of the post-arrest statements made by defendants.

The Government may introduce statements made by a defendant, including statements made in response to questioning by government agents. <u>United States v. Ortega</u>, 203 F.3d 675, 682-83 (9th Cir. 2000). Such statements are admissible under Federal Rule of Evidence 801(d)(2) as an admission by a party opponent or under Rule 804(b)(3) as a statement against penal interest. While statements that are against the declarant's penal interest are recognized as an exception to the hearsay rule, a "statement" for purposes of Rule 804(b)(3) does not encompass an entire confession containing both self-inculpatory and non-self-inculpatory parts. Rather, the Supreme Court has pronounced that "only those declarations or remarks within the confession that are individually self-inculpatory" are admissible under Rule 804(b)(3). <u>Williamson v. United States</u>, 512 U.S. 594, 599 (1994).

Unless and until further offer of proof,

IT IS THEREFORE THE ORDER OF THE COURT that defendants' non-self-inculpatory statements are inadmissible hearsay pursuant to Rule 804(b)(3).

IT IS SO ORDERED.

**Dated:   April 2, 2010**              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE