IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pioquinto Larios Santacruz,<br><br>          Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent.<br>_____/ | 1:13-cv-01672-AWI<br>1:08-cr-0124-AWI<br><br>**ORDER REGARDING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>(Doc. 687) |

## I. INTRODUCTION

This matter arises from the jury conviction of Defendant/Petitioner Pioquinto Larios Santacruz ("Petitioner"). Petitioner is currently incarcerated at the Elkton Federal Correctional Institution at Lisbon, Ohio ("Elkton FCI") and is proceeding in this matter *in propria persona.* Petitioner brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. Petitioner's complaint surrounds his contention that he was never lawfully convicted of conspiracy to distribute and/or possess with intent to distribute, distribution of, and possession with intent to distribute methamphetamine because the jury never found the quantity allegation of the government to be true. Petitioner has alleged five grounds for relief: (1) Petitioner's conviction despite the jury's finding that the government had not proven the specific

1

quantity allegation – 500 grams or more of a mixture containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine – violated Petitioner's Sixth Amendment and Due Process rights; (2) the district court exceeded its jurisdictional limits when it sentenced Petitioner pursuant to a § 841(b)(1)(C), despite the fact that the government did not charge him with its violation; (3) trial and appellate counsel were ineffective in failing to challenge the imposition of a sentence where not all of the elements were proven to a jury, beyond a reasonable doubt; (4) appellate counsel was ineffective in failing to file a petition for writ of certiorari; and (5) the statements made by an interpreter at trial regarding testimony previously given violated the Confrontation Clause of the Sixth Amendment. This Court need only address Petitioner's first claim on the merits because Petitioner's second through fourth claims are procedurally defaulted and Petitioner's first (partially) and fifth claims impermissibly seek to relitigate a matter decided on direct appeal as described, *infra*.

## II. BACKGROUND

On December 10, 2009, Petitioner was charged in a third superseding indictment with (1) conspiracy to distribute and to possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (2) distribution of methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A), and 18 U.S.C. § 2; and (3) possession with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. 142.) On April 24, 2010, a jury found Petitioner guilty of all three offenses. (Doc. 259.) However, the jury found that the quantity allegations as to each charge were unproven. (*id.*) The district court sentenced Petitioner to 188 months on each of Counts 1, 2, and 3, all to be served concurrently. (Doc. 330 at 2.)

Petitioner appealed his sentence on largely the same grounds raised in Petitioner's instant motion. (*See* Ninth Cir. Docket No. 10-10400.) The Ninth Circuit denied Petitioner's appeal on May 8, 2012. *United States v. Santacruz*, 480 Fed.Appx. 441 (9th Cir. 2012); Doc. 400. Mandate was issued on June 1, 2012. (Doc. 401.) Petitioner's petition for writ of certiorari to the United States Supreme Court was denied on June 24, 2013. *Santacruz v. United States*, 133 S.Ct. 2850 (2013)

On October 15, 2013, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

Courts must "construe pro se habeas filing liberally." *Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir.2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. § 2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted. Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States v. Quan,* 789 F.2d 711, 715 (9th Cir.1986).

///

///

**IV. DISCUSSION**

**A. Collateral review cannot be used to revisit adverse direct review.**

It is well settled that a habeas petition is not a vehicle for challenging the decision of a federal appellate court. *See Feldman v. Henman,* 815 F.2d 1318, 1321–22 (9th Cir.1987). Consequently, a criminal defendant who raises a claim or issue on direct appeal may not again assert that same claim or issue in a section 2255 habeas corpus petition. *See United States v. Hayes,* 231 F.3d 1132, 1139 (9th Cir.2000); *United States v. Redd,* 759 F.2d 699, 701 (9th Cir.1985). Any contrary rule would contravene the longstanding "law of the case" doctrine, under which "a court generally is precluded from reconsidering an issue that has already been decided by the same court or a high court in the same case...." *Williams v. Harrington,* 511 F. App'x 669, 2013 WL 1093019, *2 (9th Cir. Mar.18, 2013) (Hug, Farris, Leavy) (citing *United States v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir.1998)); *see, e.g., Reed v. Town of Gilbert, Arizona,* 707 F.3d 1057, 1067 n.9 (9th Cir. 2013) (prior opinion affirming district court's determination regarding constitutionality of ordinance was the law of the case and precluded reconsideration of the issues determined by that opinion) (citing *Minidoka Irrigation Dist. v. Dep't of Interior,* 406 F.3d 567, 573 (9th Cir.2005)).

In response to Petitioner's appeal the Ninth Circuit rejected his claims that: (1) admission of a DEA witness's testimony regarding Petitioner's statements made through a law enforcement related interpreter were inadmissible hearsay and a violation of the Confrontation Clause, (2) the district court applied the wrong evidentiary standard in making its drug quantity determination, and (3) the drug quantity determination raised Petitioner's offense level such that he was exposed to a sentence greater than the statutory maximum, in violation of *Apprendi v. New Jersey*, 530 U.S. 446 (2000).

Petitioner's present claims alleging that the drug quantity allegation was required to be proven to a jury beyond a reasonable doubt (i.e. ground 1) and that the admission of statements made through the law enforcement related interpreter violated the Confrontation Clause (i.e. ground 5) were both raised by Petitioner on direct review and rejected by the Court of Appeals.

*See U.S. v. Santacruz*, 480 Fed.Appx. 441. Grounds one (except as explained below) and five are therefore foreclosed and cannot serve as the basis for federal habeas review.

**B. Petitioner's Alleyne Claim**

To the extent that Petitioner's first ground contends that the Ninth Circuit's ruling is in conflict with the Supreme Court's Sixth Amendment jurisprudence, namely *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151 (2013), requiring that facts other than that of a prior conviction which increase the statutory minimum (or statutory maximum under *Apprendi*) be proven to a jury beyond a reasonable doubt, his claim is not precluded. *See United States v. Hernandez*, 547 Fed.Appx. 839, 840 (9th Cir. 2013) (citing *United States v. Cortes*, 732 F.3d 1078, 1088, 1090-1091 (9th Cir. 2013) (a quantity determination need only be submitted to a jury under *Apprendi* or *Alleyne* if the type and/or quantity increases the statutorily prescribed minimum or maximum sentence.) The Second and Tenth Circuits, as well as district courts in this Circuit have recognized: "*Alleyne*[, as an extension of *Apprendi*,] did not announce a new rule of law made retroactive on collateral review." *In re Payne,* 733 F.3d 1027, 1013 (10th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2nd Cir. 2013); *see Broussard v. United States*, 2014 WL 3530003, *4-5 (E.D. Cal. 2014). Although the Ninth Circuit has not decided whether or not *Alleyne* announced a new rule, it recently noted that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive" then decided that "[t]he Supreme Court did not make *Alleyne* expressly retroactive." *Hughes v. United States*, ---F.3d ----, 2014 WL 5368857, *2, 4 (9th Cir. 2014). Even assuming that *Alleyne* announced a new rule, it is not made retroactive on collateral review. However, Petitioner's direct review was still pending when the United States Supreme Court decided *Alleyne*. *See Santacruz v. United States*, 133 S.Ct. 2850 (Petitioner's petition for writ of certiorari was not denied until June 24, 2013.); *Alleyne*,133 S.Ct. 2151 (*Alleyne* was decided on June 17, 2013.). Accordingly, *Alleyne* - which holds that any fact that increases the mandatory minimum is an element of the offense and must be submitted to a jury – controls this case.[1]

---

[1] In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002) which held that *Apprendi* does not apply to (i.e. does not require a jury determination beyond a reasonable doubt) facts which increase the mandatory minimum but not the maximum sentence.

1    Petitioner was sentenced pursuant to 21 U.S.C. 841(b)(1)(A). (*See* Doc. 330.) Sections
2 841(b)(1)(A)(ii) and 841 (b)(1)(A)(viii), involving quantity findings for cocaine and
3 methamphetamine, respectively, set a mandatory minimum term of imprisonment at 10 years and
4 a statutory maximum term of imprisonment at life. Section 841(b)(1)(C) – which requires no
5 specific quantity of any Schedule II controlled substance[2] – is the default sentence for cocaine or
6 methamphetamine offenses under section 841 where no quantity is proven. Section 841(b)(1)(C)
7 sets a no mandatory minimum term of imprisonment and statutory maximum term of
8 imprisonment at 20 years.[3]

9    Because sentencing pursuant to section 841(b)(1)(A) imposes a mandatory minimum
10 where one would otherwise not exist, that truth of the quantity determination is an element of the
11 offense that must be submitted to the jury and proven beyond a reasonable doubt. The special
12 verdict rendered by the jury specifically found that the government had not proved that any of
13 the three counts charged against Petitioner involved drug quantities violative of sections
14 841(b)(1)(A)(ii) or (vii). (*See* Doc. 259.) As a result, this Court cannot make the determination
15 that Petitioner is plainly entitled to no relief as to his first ground. This Court will order the
16 government to answer as to this ground.

**C. Petitioner's second, third and fourth grounds for relief.**

18    Petitioner's second through fourth grounds for relief essentially advance the same theory
19 forwarded in ground one but couches them as a jurisdictional challenge and two ineffective
20 assistance of counsel claims, respectively. They are as follows: (2) appellate counsel was
21 ineffective in failing to challenge the district court having exceeded its jurisdiction when it
22 sentenced Petitioner pursuant to 21 U.S.C. 841(b)(1)(C) despite the fact that the government
23 never charged him with a violation of that section, (3) Petitioner's trial and appellate counsel
24 were ineffective for failing to raise Petitioner's first ground for relief at an earlier stage, and (4)
25 Petitioner's appellate counsel was ineffective for failing to file a petitioner for writ of certiorari

---

[2] Cocaine and methamphetamine are both Schedule II controlled substances. *See* 21 U.S.C. 813.
[3] The Court has found no authority to suggest that the fact that the district court sentenced Petitioner within the statutory range for 841(b)(1)(C) could negate the potential constitutional error.

with the United States Supreme Court.[4] Because each of the three claims relies on the same underlying claim of error that this court addressed with respect to petitioner's first ground for relief, and because resolution of that ground would resolve these claims, this Court need not address grounds two, three, and four.

## V. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the government shall file a response to Petitioner's Sixth Amendment claim, as outlined in Section (IV)(B), *supra*, within 45 days of the date of this order. The government's brief should indicate whether or not it believes the district court's sentencing violated the Sixth Amendment in light of *Alleyne*. Regardless of its position on whether a Sixth Amendment violation took place, the government's brief should assume that the court may find that the Sixth amendment was violated; indicate the government's position regarding whether resentencing would cure any error or whether a new trial would be necessary.

IT IS SO ORDERED.

Dated:   October 29, 2014                                      _____
                                                                                       SENIOR DISTRICT JUDGE

---

[4] This Court would note that a petition for writ of certiorari was filed to the Supreme Court after the denial of Petitioner's appeal. *See Santacruz v. United States*, 133 S.Ct. 2850.