1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PIOQUINTO LARIOS SANTACRUZ, | 1:13-cv-01672-AWI |
| | 1:08-cr-0124-AWI |
| Petitioner, | |
| | **ORDER AMENDING JUDGMENT** |
| v. | **AND DENYING PETITIONER'S** |
| | **MOTION TO VACATE, SET** |
| UNITED STATES OF AMERICA, | **ASIDE OR CORRECT SENTENCE** |
| | **PURSUANT TO 28 U.S.C. § 2255** |
| Respondent. | |
| | (Doc. 425) |
| _____/ | |

On October 29, 2014, this Court ordered the government to respond to the <u>Alleyne</u> claim put forth in Petitioner's motion to vacate. <u>See</u> Doc. 445. Simply, Petitioner's claim alleged that he was subject to a mandatory minimum sentence after he was convicted of (1) conspiring to distribute and to possess with intent to distribute methamphetamine and cocaine, (2) distribution of methamphetamine and cocaine, and (3) possession with intent to distribute methamphetamine and cocaine, (Doc. 142) despite the fact that the jury found that the quantity allegation was not proven beyond a reasonable doubt. (Doc. 259).

The government responded by asserting that Petitioner was not subject to or sentenced to the mandatory minimum under 21 U.S.C. § 841(b)(1)(A). The government argues that the reference to Section 841(b)(1)(A) in the sentencing court's judgment was a clerical error. Rather,

1

1    the judgment should reflect that Petitioner was convicted and sentenced pursuant to 21 U.S.C. §

2    841(b)(1)(C).

3           The Court's reading of the judgment as compared to the sentencing hearing transcript is

4    consistent with the explanation proffered by the government. The quantity determinations

5    discussed at Petitioner's sentencing hearing were in the context of determining the offense level

6    for calculation of a guideline sentencing range, not an application of a mandatory minimum. See,

7    e.g., Doc. 348 at pp. 11, 15-17 ("this court is to find the total quantity, not just the statutory

8    threshold [for application of mandatory minimum] … the base offense level should be 38"), 20

9    (the Petitioner seeks a quantity finding that would result in an offense level of 32). The

10   sentencing court appropriately made a quantity finding by a preponderance of the evidence for

11   purposes of calculation of guideline range. See United States v. Reed, 575 F.3d 900, 924 (9th

12   Cir. 2009). A reading of the presentence report supports the conclusion that the quantity finding

13   made at sentencing was solely for the purpose of determining offense level, not for purposes of

14   application of a mandatory minimum. The presentence report noted that the maximum term of

15   imprisonment permitted based on Petitioner's conviction was 20 years. In this context, a 20 year

16   statutory maximum could only be required if Petitioner were convicted under 21 U.S.C.  §

17   841(b)(1)(C). Petitioner was sentenced to 188 months in the custody of the Bureau of Prisons

18   based on the Court's calculation of guideline range. No part of sentencing hearing transcript

19   indicates that a mandatory minimum was applied or that the sentencing court believed that it did

20   not have the discretion to impose a sentence beneath the mandatory minimum imposed by

21   Section 841(b)(1)(A). Accordingly, this Court agrees that – despite the face of the judgment –

22   Petitioner was actually sentenced pursuant to 841(b)(1)(C) and was not subject to a mandatory

23   minimum.

24

25

26   ///

27   ///

28   ///

1        Because no statutory minimum was applied to Petitioner his <u>Alleyne</u> claim is without

2   merit and will be dismissed. However, in light of the clerical error recognized in the judgment

3   entered by the sentencing court on August 25, 2010, this Court will issue an amended judgment

4   reflecting that Petitioner was sentenced pursuant to 21 U.S.C. § 841(b)(1)(C) rather than 21

5   U.S.C. § 841(b)(1)(A) as to all three counts.

6

7   IT IS SO ORDERED.

8   Dated:   November 12, 2014                    _____

9                           SENIOR  DISTRICT  JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3