IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pioquinto Larios Santacruz,**<br><br>　　　　Petitioner,<br><br>　　v.<br><br>**United States of America,**<br><br>　　　　Respondent. | 1:13-cv-01672-AWI<br>1:08-cr-0124-AWI<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

　　　On October 15, 2013, Pioquinto Larios Santacruz ("Petitioner") filed a motion to modify vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 seeking relief from three concurrently-imposed 188-month terms of imprisonment. *See* Doc. No. 425. Petitioner raised five grounds for relief:

> (1) Petitioner's conviction despite the jury's finding that the government had not proven the specific quantity allegation – 500 grams or more of a mixture containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine – violated Petitioner's Sixth Amendment and Due Process rights; (2) the district court exceeded its jurisdictional limits when it sentenced Petitioner pursuant to a § 841(b)(1)(C), despite the fact that the government did not charge him with its violation; (3) trial and appellate counsel were ineffective in failing to challenge the imposition of a sentence where not all of the elements were proven to a jury, beyond a reasonable doubt; (4) appellate counsel was ineffective in failing to file a petition for writ of certiorari; and (5) the statements made by an interpreter at

trial regarding testimony previously given violated the Confrontation Clause of the Sixth Amendment.

Doc 445 at pp. 1-2. This Court denied Petitioner's motion but did not address whether it would issue a certificate of appealability ("COA"). The Court now declines to issue a COA.

Absent a COA from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ⸺ U.S. ⸺, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.); *see* Rule 11(a) of Rules Governing Sec. 2255 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir.2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). The issuance of a COA is a "rare step." *Murden v. Artuz,* 497 F.3d 178, 199 (2d Cir. 2008) (Hall, J., concurring). There must be "something more than the absence of frivolity or the existence of mere good faith" to justify the issuance of a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 328 (2003); *see Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010).

In this action, the Court finds that reasonable jurists would not disagree with this Court's determinations that: (1) Petitioner's first and fifth grounds for relief were both barred to the extent that they sought to revisit adverse direct review. *See Feldman v. Henman,* 815 F.2d 1318, 1321–22 (9th Cir.1987). (2) *Alleyne* only requires facts which increase the prescribed range of penalties -- other than prior convictions -- to be proven to a jury beyond a reasonable doubt; Petitioner was not sentenced pursuant to the mandatory minimum or above the statutory maximum so the Court's determination of quantity for purposes of calculating a guideline range did not violate *Alleyne* or *Apprendi. See Alleyne v. United States*, ⸺ U.S. ⸺, 133 S.Ct. 2151, 2160 (2013). (3) Petitioner's claims of error relating to his *Alleyne* claim – couched in terms of ineffective assistance and a jurisdictional challenge – were equally without merit. No arguments

1 opposing dismissal on these grounds are "adequate to deserve encouragement to proceed
2 further." *Jennings v. Baker,* ––– Fed.Appx. ––––, 2013 WL 830610, * 1 (9th Cir. 2013) (quoting
3 *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).
4   Based on the foregoing, the Court hereby DECLINES to issue a certificate of
5 appealability. The Clerk of the court is directed to forward this order and the record to the Ninth
6 Circuit Court of Appeals in reference to Ninth Cir. Case No. 14-17575. *See United States v.*
7 *Asrar*, 116 F.3d 1268 (9th Cir. 1997).

IT IS SO ORDERED.

Dated:  March 10, 2015         _____
                  SENIOR DISTRICT JUDGE